Hart, J.
By stipulation it appears that the respondents entered into a contract for the printing of the ballots according to Section 4785-80, General Code, which provides a method of rotating the names of candidates seeking nomination.
*149 Specifically, Section 4785-80, General Code, effective January 1,1950, provides in part as follows:
“* * * The method of printing and combining the ballots in tablets to meet the rotation requirement herein shall be as follows: The total number of ballots upon which the names of all the candidates to be printed thereon are the same, shall be printed in as many series as the number of candidates in the largest group of candidates seeking the same nomination or nominations. Such total number of ballots to be printed divided by the number of series to be printed shall determine the number of ballots to be printed in each series. On the first series of ballots the names of the candidates in each group of candidates shall be in alphabetical order. On each succeeding series the name of the candidate in each group of candidates which was first in the preceding series shall be last, and the names of each of the other candidates in each group shall be moved up one place. The printed ballots shall then be combined in tablets by assembling series of ballots, each consisting of one ballot of each series printed as above described, assembled in the same consecutive order in which the series, of which each ballot is a part, was printed, and by combining as many of such assembled series of ballots as may be necessary to make tablets consisting of the number of ballots required for each precinct.”
Section 2a, Article V of the Constitution, which was adopted November 8, 1949, effective December 8, 1949, and which provides for the rotation of names of all the candidates in each and every office on the ballot is as follows:
“The names of all candidates for an office at any general election shall be arranged in a group under the title of that office, and shall be so alternated that each name shall appear (in so far as may be reasonably possible) substantially an equal number of times *150 at the beginning, at the end, and in each intermediate place, if any, of the group in which such name belongs. Except at a party primary or in a nonpartisan election, the name or designation of each candidate’s party, if any, shall be printed under or after each candidate’s name in lighter and smaller type face than that in which the candidate’s name is printed. An elector may vote for candidates (other than candidates for electors of President and Vice-President of the United States) only and in no other way than by indicating his vote for each candidate separately from the indication of his vote for any other candidate.”
The evidence disclosed, and the Court of Appeals found, that compliance with the mandatory provisions of Section 2a, Article V of the state Constitution, can be had within reasonable limits of expense, mechanical effort, and practicality of operation, and that rotation as provided in the Constitution is reasonably possible in the instant case.
The determination of the issue here presented turns upon whether the constitutional provisions above set out are self-executing. If they are, the Constitution must control as against the provisions of Section 4785-80, General Code. This court concludes that the constitutional provisions are self-executing and apply instead of the provisions of the statute.
Although a constitution may be adopted to provide a framework of government, granting certain powers to the legislative branch of the government and withholding others, many state constitutions have in more recent times included therein forms of legislation with such detail of operation as to make them self-executing. On this subject, 11 American Jurisprudence, 689, Section 72, states as follows:
“When the federal Constitution and'the first state constitutions were formed, a constitution was treated as establishing a mere outline of government providing *151 for the different departments of the governmental machinery and securing certain fundamental and inalienable rights of citizens, but leaving all matters of administration and policy to the departments created by the constitution. This form of the organic instrument gave- rise to a general presumption that legislation is necessary in order to give effect to the provisions of the constitution and that its terms operate primarily as commands to the officers and departments of the government. During the last fifty years, state constitutions have been generally drafted upon a different principle and have often become, in effect, extensive codes of laws intended to operate directly upon the people in a manner similar to that of statutory enactments. Accordingly, the presumption now is that all provisions of the constitution are self-executing. As in the ease of the question whether , a constitutional provision is mandatory or directory, the courts may be influenced in interpreting such provisions as self-executing rather than as requiring legislation, by the knowledge that if not treated as self-executing, the legislature would have the power to ignore and practically nullify the directions of the fundamental law.”
In discussing the tests by which a constitutional provision may or may not be construed to be self-executing, the same text, 11 American Jurisprudence, 691, Section 74, states as follows:
‘ ‘ One of the recognized rules is that a constitutional provision is not self-executing when it merely lays down general principles, but that it is self-executing if it supplies a sufficient rule by means of which the right which it grants may be enjoyed and protected, or the duty which it imposes may be enforced, without the aid of a legislative enactment. Therefore, if a constitutional provision either directly or by implication imposes a duty upon an officer, no legislation is necessary to require the performance of such duty. *152 Another way of stating this general, governing principle is that a constitutional provision is self-executing if there is nothing to be done by the legislature to put it in operation. In other words, it must be regarded as self-executing if the nature and extent of the right conferred and the liability imposed are fixed by the constitution itself, so that they can be determined by an examination and construction of its terms, and there is no language indicating that the subject is referred to the legislature for action. Thus, a constitutional provision which reduces the number of grand jurors from sixteen to seven, five of whom must concur in the finding of an indictment, is self-executing. Similarly, a constitutional provision that a corporate charter shall be forfeited if certain conditions are not complied with within a specified time is self-executing. * * # M
Likewise, 16 Corpus Juris Secundum, 98, Section 48, states the rule as follows:
“A constitutional provision is self-executing when it is complete in itself and becomes operative without the aid of supplemental or enabling legislation. A provision is not self-executing if its terms duly construed indicate that it is not to become operative without supplemental or enabling legislation.”
It appears to this court that the constitutional provisions set out how the names of candidates shall be rotated on the ballots with such clarity that the form of the ballot is clearly prescribed, making unnecessary any repetitive or enabling legislation.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C.' J., Zimmerman, Stewart, Middleton, Taet, and Matthias, JJ., concur.